1  BRODSKY MICKLOW BULL & WEISS, LLP
   Philip E. Weiss, Esq. (No. 152523)
2  2540 Shelter Island Drive, Suite P
   San Diego, California 92106
3  Telephone: (619) 225-8884
   Facsimile: (619) 225-8801
4  Email: shiplaw@earthlink.net

5  Attorneys for Plaintiff
   Estate of Blanca Hartwell

6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11 ESTATE OF BLANCA HARTWELL,              )  Case No. 2:20-cv-8869
                                           )
12              Plaintiff,                  )  IN ADMIRALTY
                                           )
13 v.                                       )  F.R.C.P. Supplemental Admiralty
                                           )  Rules C and E.
14 S/V CHIPS 'N SALSA, a 1993 38.3-Foot    )
   Beneteau Sailing Vessel, U.S.C.G. Official No. )  46 U.S.C. Sections 30101-31343
15 1041105, AND ALL HER ENGINES, TACKLE,   )
   ACCESSORIES, EQUIPMENT, FURNISHINGS )  VERIFIED COMPLAINT OF
16 AND APPURTENANCES, in rem,              )  PLAINTIFF FOR VESSEL
                                           )  ARREST, INTERLOCUTORY
17              Defendant.                  )  SALE AND FOR MONEY
                                           )  DAMAGES FOR BREACH OF
18                                          )  MARITIME CONTRACT,
                                           )  TRESPASS BY VESSEL AND
19                                          )  QUANTUM MERUIT
                                           )
20 _____ )

21      Plaintiff alleges:

22                        JURISDICTION

23      1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333(1), 28

24 U.S.C. § 1333 and the Commercial Instruments and Maritime Lien Act, embodied at 46 U.S.C.

25 sections 31301, et seq. This action is a maritime and admiralty claim within the provisions of

26 Rule 9(h) of the Federal Rules of Civil Procedure, and within the Supplemental Rules for Certain

27 Admiralty and Maritime Claims and of this Honorable Court. Plaintiff ESTATE OF BLANCA

28 HARTWELL ("PLAINTIFF") brings this action on its own behalf and on behalf of all parties

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY VESSEL SALE,
BREACH OF MARITIME CONTRACT, TRESPASS BY VESSEL AND QUANTUM MERUIT

Page -1-
Case No. 2:20-cv-8869

1  who were, are or may become interested in all or part of the property which is the subject of this

2  litigation, as their interests might appear.

3  **PARTIES**

4      2.    PLAINTIFF is the successor in interest to Blanca Hartwell, who resided in Los

5  Angeles County prior to her death.  Pursuant to the below described written contract for the

6  provision of wharfage services (the "Wharfage Contract") PLAINTIFF provided wharfage

7  and other services for the benefit of the Defendant Vessel, S/V CHIPS 'N SALSA (the

8  "DEFENDANT VESSEL").  Such services constitute "necessaries" for purposes of the

9  Commercial Instruments and Maritime Lien Act (46 U.S.C. 31301, *et seq.*).

10      3.    United States Coast Guard records reflect that the DEFENDANT VESSEL is a

11  1993 38.3-Foot Beneteau Sailing Vessel, documented with the United States Coast Guard

12  under Official No. 1041105.  United States Coast Guard records further reflect that the

13  DEFENDANT VESSEL is owned Luna Ventures, LLC.  California Secretary of State

14  Records indicate Luna Ventures, LLC's status as "CANCELED."  Thus, this entity is not

15  authorized to conduct business in California, and may not bring or defend legal actions.

16  **FIRST COUNT**

17  **(Breach of Maritime Contract for Necessaries)**

18      4.    PLAINTIFF refers to Paragraphs 1 through 3, inclusive, of this Verified

19  Complaint and incorporates them as though fully set forth here.

20      5.    On January 18, 2018 Mark Thene executed the Wharfage Contract requiring

21  PLAINTIFF to provide wharfage services for the benefit of Mr. Thene and the

22  DEFENDANT VESSEL, and requiring monthly payments to PLAINTIFF in the amount of

23  $550.00 for such services.  A true and correct copy of the Wharfage Contract is hereto

24  attached as Exhibit A1.[1/]  Prior to the above date PLAINTIFF provided wharfage services for

25  the benefit of Mr. Thene and the DEFENDANT VESSEL based on an oral agreement.

26  ///

27  

28  [1/] The copy of the attached Wharfage Contract, the top of which with the title of the document is truncated, is the best available copy. An unsigned "clean" copy is attached as Exhibit A2.

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY VESSEL SALE,        Page -2-
BREACH OF MARITIME CONTRACT, TRESPASS BY VESSEL AND *QUANTUM MERUIT*    Case No. 2:20-cv-8869

1    6.    Pursuant to the above referenced Wharfage Contract, and the above referenced

2 oral agreement, PLAINTIFF did, as contractually required, provide wharfage and other

3 maritime services for the benefit of Mr. Thene and the DEFENDANT VESSEL.

4    7.    Over time, the account for the DEFENDANT VESSEL fell progressively

5 further into arrears.  The last time PLAINTIFF received any payment was in or about March,

6 2018.  Calculated through August 31, 2020, the account stands in arrears in an amount of not

7 less than $16,125.00.

8    8.    The above described wharfage and other maritime services constitute maritime

9 "necessaries" for purposes of the Commercial Instruments and Federal Maritime Lien Act

10 (46 U.S.C. section 31301, *et seq.*).

11    9.    PLAINTIFF has fully satisfied all obligations required of it as a maritime

12 services provider pursuant to the Wharfage Contract and earlier oral agreement for the

13 provision of wharfage services.

14    10.    Despite PLAINTIFF's requests to pay monies due and owing to it pursuant to

15 the Wharfage Contract and the earlier oral agreement, Mr. Thene and the DEFENDANT

16 VESSEL, by and through Mr. Thene, have failed and refused, and continue to fail and refuse,

17 to pay sums necessary to satisfy PLAINTIFF's maritime lien in the above described amount,

18 which now encumber the DEFENDANT VESSEL.

19    11.    As a consequence of the above described breach of maritime contract

20 PLAINTIFF has been damaged in a sum of not less than $16,125.00 (calculated through

21 August 31, 2020), plus prejudgment interest, plus costs of suit, no part of which has been

22 paid by the DEFENDANT VESSEL or Mr. Thene.

23                    **SECOND COUNT**

24                 **(Trespass By Defendant Vessel)**

25    12.    PLAINTIFF refers to Paragraphs 1 through 3 and 5 through 11 inclusive, of

26 this Verified Complaint and incorporates them as though fully set forth here.

27    13.    Paragraph 6(b)(i) of the Wharfage Contract provides that in the event of a

28 violation of any terms or conditions of the Wharfage Contract PLAINTIFF may terminate the

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY VESSEL SALE,
BREACH OF MARITIME CONTRACT, TRESPASS BY VESSEL AND *QUANTUM MERUIT*

Page -3-
Case No. 2:20-cv-8869

1   tenancy upon the lesser of three days actual notice or ten days written notice posted aboard

2   the DEFENDANT VESSEL.

3        14.    Paragraph 6(b)(ii) of the Wharfage Contract requires that the DEFENDANT

4   VESSEL must be removed from PLAINTIFF's premises "by the termination date so

5   noticed."

6        15.    On April 16, 2020 PLAINTIFF's counsel sent Mark Thene and Luna Ventures,

7   LLC a letter (via First Class U.S. Mail, Certified U.S. Mail and email) demanding payment

8   of wharfage fee arrearages, and providing notice of the termination of the DEFENDANT

9   VESSEL's tenancy, effective May 20, 2020.  By this letter PLAINTIFF offered to

10   compromise its claim and accept $10,000.00 in full satisfaction of the debt if Mr. Thene

11   vacated the DEFENDANT VESSEL from PLAINTIFF's premises no later than April 30,

12   2020.  Neither Mr. Thene nor anyone else responded to counsel's letter.  This letter cautioned

13   Mr. Thene that if the DEFENDANT VESSEL was not vacated from PLAINTIFF's premises

14   she would be subject to arrest, as sought in the instant action.  The DEFENDANT VESSEL

15   was not removed from PLAINTIFF's premises by April 30, 2020, or any time thereafter.

16        16.    On May 21, 2020 PLAINTIFF's counsel sent another letter to Mr. Thene

17   noting his failure to vacate the DEFENDANT VESSEL from PLAINTIFF's premises, and

18   advising that if he removed the DEFENDANT VESSEL within five calendar days

19   PLAINTIFF might consider reinstating its above described compromise of its claim.  This

20   letter informed Mr. Thene that if he failed to contact PLAINTIFF's counsel within five

21   calendar days, PLAINTIFF would "become obliged to proceed with legal action," as

22   described in counsel's April 16, 2020 letter.

23        17.    Since May 21, 2020 the DEFENDANT VESSEL has occupied a slip at

24   PLAINTIFF's private premises without permission, authority or legal justification, and

25   accordingly a maritime tort lien has arisen and subsists against the DEFENDANT VESSEL

26   in favor of PLAINTIFF.

27   ///

28   ///

1  18.   The DEFENDANT VESSEL has intruded onto and continues to intrude onto

2  PLAINTIFF's premises, thereby invading and interfering with PLAINTIFF's interest in the

3  use, profits and enjoyment of its premises.

4  19.   By reason of the foregoing, PLAINTIFF has been damaged in an amount

5  according to proof, but in any event in a sum, calculated through August 31, 2020, of not less

6  than $16,125.00, plus additional wharfage fees accruing and contractually other recoverable

7  sums through the date of arrest of the DEFENDANT VESSEL, plus prejudgment interest,

8  plus costs of suit, plus attorneys' fees, no part of which has been paid by the DEFENDANT

9  VESSEL or her apparent and ostensible owner.

10  **THIRD COUNT**

11  (*Quantum Meruit*)

12  20.   PLAINTIFF refers to Paragraphs 1 through 3, 5 through 11, and 13 through 19

13  of this Verified Complaint and incorporates them as though fully set forth here.

14  21.   PLAINTIFF provided valuable wharfage and other useful maritime necessaries

15  to the DEFENDANT VESSEL for her benefit and for the benefit of Mr. Thene.

16  22.   Wharfage and other maritime necessaries were accepted by the DEFENDANT

17  VESSEL and Mr. Thene, and enjoyed by them.

18  23.   PLAINTIFF had and has a rightful expectation of payment for these maritime

19  services, but not been paid for them.

20  24.   Under the circumstances presented, not requiring payment for these services

21  would result in the unjust enrichment, to the detriment of PLAINTIFF.

22  **WHEREFORE**, PLAINTIFF prays:

23  1.   That process in due form of law pursuant to this Court's Admiralty and

24  Maritime Jurisdiction issue *in rem* against the DEFENDANT VESSEL, her rigging, tackle,

25  apparel, furniture, engines, bunkers, and all other necessaries thereunto appertaining and

26  belonging, and that all persons claiming any interest in the DEFENDANT VESSEL be cited

27  to appear and answer this Verified *in rem* Complaint;

28  ///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY VESSEL SALE,
BREACH OF MARITIME CONTRACT, TRESPASS BY VESSEL AND *QUANTUM MERUIT*

Page -5-
Case No. 2:20-cv-8869

2.     That PLAINTIFF's maritime liens be declared to be valid and subsisting in a sum of not less than $16,125.00 (calculated through August 31. 2020), plus additional wharfage fees accruing through the date of arrest of the DEFENDANT VESSEL, plus accrued interest and recoverable costs of suit, and that such liens are prior and superior to the interest, maritime and non-maritime liens or claims of any and all persons, firms or corporations whatsoever;

3.     That judgment enter against the DEFENDANT VESSEL, *in rem*, for PLAINTIFF's damages in a collective sum not less than $16,125.00 (calculated through August 31, 2020), plus additional wharfage fees accruing through the date of arrest of the DEFENDANT VESSEL, together with interest thereon, and costs of suit herein, including attorneys' fees, and together with all other amounts which have been or are required to be disbursed by PLAINTIFF for the care, insuring, preservation, storage and mooring of DEFENDANT VESSEL, and all other advances, expenses, fees, costs and disbursements by PLAINTIFF, together with post-judgment interest at the maximum statutory rate.

4.     That DEFENDANT VESSEL, her rigging, tackle, apparel, furniture, and all other necessaries thereunto appertaining and belonging be condemned and sold to pay the demands and claims of PLAINTIFF, with interest and costs, and that PLAINTIFF may become a purchaser permitted to credit bid at any sale of the DEFENDANT VESSEL any amounts adjudged to be owing to said PLAINTIFF;

5.     That, in the event a bond or other acceptable security is posted with the Registry of the Court to effect the release of the DEFENDANT VESSEL, as permitted by the Supplemental Admiralty Rules (F.R.C.P.), an Order issue requiring such vessel, immediately upon release by the U.S. Marshal, to be removed from PLAINTIFF's premises;

6.     That it be decreed that any and all persons, firms or corporations claiming any interest in the DEFENDANT VESSEL are forever barred and foreclosed of and from all right or equity of redemption or claim of, in, or to the DEFENDANT VESSEL and every part thereof; and

///

VERIFIED COMPLAINT FOR VESSEL ARREST, INTERLOCUTORY VESSEL SALE, BREACH OF MARITIME CONTRACT, TRESPASS BY VESSEL AND *QUANTUM MERUIT*

Page -6-
Case No. 2:20-cv-8869

1      7.      That PLAINTIFF have such other and further relief as in justice they may be

2   entitled to receive.

3   Dated: September 21, 2020          Respectfully submitted,

4                                      BRODSKY, MICKLOW, BULL & WEISS, LLP

5

6   By_____s/Philip Weiss_____
                                       Attorneys for Plaintiff
                                       E-mail: shiplaw@earthlink.net
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## VERIFICATION

3    I, Joe M. Gallegos, declare under penalty of perjury under the laws of the United

4  States and the State of California as follows:

5        1.    I, the undersigned, am the Executor of Plaintiff ESTATE OF BLANA

6  HARTWELL, the PLAINTIFF in this action. I certify I have read the foregoing Verified

7  Complaint, and know its contents.

8        2.    The matters stated in the Verified Complaint are true of my own knowledge and

9  belief except as to those matters stated on information and belief, and as to those matters, I

10  believe them to be true.

11        Executed this 23 day of September, 2020 at Woodland, California.

12

13



14

15

16

17

18

19

20

21

22

23

24

25

26

27

28